UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA MIAO YU,

    Plaintiff,

Case No.: _____
Hon. _____

v.

THE DOW CHEMICAL COMPANY,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Christina Miao Yu, by and through her counsel, Carla D. Aikens, PLC, states as follows for her Complaint against Defendant The Dow Chemical Company.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## INTRODUCTION

1. Plaintiff Christina Miao Yu ("Ms. Yu") is a 21-year veteran of The Dow Chemical Company and its global subsidiaries, having served the company with distinction across its operations in China, Europe, and the United States. After dedicating the majority of her professional life to Dow, Ms. Yu

1

was recruited to permanently relocate to the United States to serve in an executive leadership position and was promised a long-term U.S.-based role.

2. Dow formally offered Ms. Yu a U.S.-based position beginning in 2024, secured her L1-A visa through November 30, 2026, and represented that her assignment would transition into permanent domestic employment. Ms. Yu uprooted her life, relocated to Midland, Michigan with her minor son, and accepted a significant pay reduction and loss of expatriate benefits based on Dow's promises.

3. Dow then reneged. In December 2024, shortly after executive leadership changes at Dow, Ms. Yu's direct supervisor informed her that her accepted U.S. role was being rescinded and that she would be repatriated—because he wanted to install a U.S. national in the role. Less than two months later, Dow terminated her employment entirely. These decisions were not based on performance or business necessity—they were discriminatory, retaliatory, and unlawful.

4. Dow then attempted to coerce Ms. Yu into accepting her termination by threatening to withhold over $1 million in pension benefits, and refused to provide customary repatriation benefits or adequate relocation support.

Dow's conduct has devastated Ms. Yu's career, financial security, immigration status, and family stability.

5. Ms. Yu brings this action for national origin, gender, and age discrimination, retaliation, breach of contract, and related claims under federal and Michigan law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Midland County, Michigan, where Defendant maintains its corporate headquarters and where Plaintiff was assigned.

## PARTIES

8. Plaintiff Christina Miao Yu is an individual residing in Midland County, Michigan. She is a Chinese national who held long-term executive roles with Dow across multiple jurisdictions, most recently in Michigan under an L1-A visa. She is over 40 years of age and was, at all relevant times, qualified for the positions she held and the U.S.-based role that was revoked.

3

9. Defendant The Dow Chemical Company is a Delaware corporation with its principal place of business at 2211 H.H. Dow Way, Midland, Michigan 48674. Dow is engaged in commerce and employs thousands of individuals, making it an "employer" under federal and state anti-discrimination laws.

## COUNT I – DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN
**(42 U.S.C. § 1981)**

10. Plaintiff incorporates by reference all preceding paragraphs.

11. 42 U.S.C. § 1981 guarantees all persons within the jurisdiction of the United States the same right to make and enforce contracts as enjoyed by white citizens.

12. Defendant intentionally interfered with Plaintiff's ability to enforce and maintain her employment contract on equal terms as her white or U.S.-born colleagues.

13. Plaintiff had accepted a formal U.S.-based employment offer and was actively executing her job responsibilities when her supervisor stated he wished to replace her with a "U.S. national," and revoked her position with no legitimate justification.

14. Plaintiff's race and national origin were motivating factors in Defendant's decision to rescind her offer, repatriate her, and terminate her employment.

4

15. Defendant treated Plaintiff differently than similarly situated non-Asian, U.S.-born employees, none of whom were removed in such a manner or subjected to threats about loss of benefits.

16. Defendant's actions constitute intentional discrimination and a violation of 42 U.S.C. § 1981.

17. Plaintiff has suffered economic and non-economic harm as a result, including lost wages, diminished career opportunities, reputational damage, and emotional distress.

18. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees and costs under 42 U.S.C. § 1988.

## COUNT II – NATIONAL ORIGIN DISCRIMINATION
**(Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.)**

19. Plaintiff incorporates by reference all preceding paragraphs.

20. Defendant is an employer within the meaning of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), and Plaintiff is a person protected under the statute.

21. Defendant discriminated against Plaintiff on the basis of her national origin when it revoked her accepted offer, repatriated her, and terminated her employment.

5

22. Defendant treated similarly situated U.S.-born employees more favorably.

23. Defendant's conduct violated MCL 37.2202(1)(a), which prohibits adverse employment actions based on national origin.

24. As a result, Plaintiff suffered damages including loss of income, benefits, and emotional distress.

25. Plaintiff is entitled to compensatory and exemplary damages and attorney's fees under MCL 37.2801.

## COUNT III – RACE DISCRIMINATION
### (Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.)

26. Plaintiff incorporates by reference all preceding paragraphs.

27. The Elliott-Larsen Civil Rights Act prohibits employment discrimination based on race. MCL 37.2202(1)(a) bars employers from discharging, failing to hire, or otherwise discriminating against an individual with respect to employment, compensation, or terms and conditions of employment, because of that individual's race.

28. Plaintiff is a member of a protected class based on her race, as an Asian woman of Chinese descent.

29. Plaintiff had served in increasingly senior roles within Dow for over 21 years and had been offered a formal U.S.-based assignment, which she accepted and began executing in reliance on Defendant's representations.

30. Despite her qualifications and long-standing track record, Plaintiff was informed by her supervisor that she would be replaced by a U.S. national. Her position was subsequently revoked, and her employment terminated.

31. White employees in comparable roles were not subject to similar scrutiny, displacement, or threats of removal. They retained their assignments and were not required to rejustify their positions or status based on immigration or national identity.

32. Defendant's conduct, including rescinding Plaintiff's accepted offer and terminating her employment, was motivated in whole or in part by her race and violated Michigan's civil rights law.

33. As a direct and proximate result, Plaintiff suffered harm, including but not limited to loss of earnings, professional reputation, immigration status, and emotional wellbeing.

34. Plaintiff seeks compensatory and exemplary damages, equitable relief including reinstatement or visa protections, and attorney's fees under MCL 37.2801.

## COUNT IV – SEX DISCRIMINATION

### (Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.)

35. Plaintiff incorporates by reference all preceding paragraphs.

36. ELCRA prohibits employment discrimination based on sex, including adverse actions taken because an employee is a woman. MCL 37.2202(1)(a).

37. Plaintiff was one of the few senior female leaders within Dow's international structure and was on track to be transitioned to a permanent U.S.-based leadership position after accepting a formal offer.

38. Despite her credentials, experience, and acceptance of less favorable compensation to secure a domestic role, Plaintiff was removed from her position while less experienced male colleagues were retained.

39. Dow failed to provide any documented performance issues or business restructuring rationale for revoking Plaintiff's role, and no male executive was removed under similar circumstances.

40. Plaintiff's removal reflects longstanding patterns of gender-based inequity in promotion, retention, and discipline within Defendant's management ranks.

41. Defendant's conduct constitutes unlawful sex discrimination and a violation of MCL 37.2202(1)(a).

42. Plaintiff has sustained substantial damages including economic loss, diminished career trajectory, reputational harm, and emotional distress.

43. Plaintiff is entitled to compensatory and exemplary damages, injunctive relief as appropriate, and attorney's fees and costs under MCL 37.2801.

## COUNT V – AGE DISCRIMINATION
### (Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.)

44. Plaintiff incorporates by reference all preceding paragraphs.

45. The Elliott-Larsen Civil Rights Act prohibits discrimination based on age. MCL 37.2202(1)(a) specifically protects employees over the age of 40 from adverse employment actions motivated by age bias.

46. At all relevant times, Plaintiff was over the age of 40 and qualified for the executive position she had accepted and began fulfilling in the United States.

47. Defendant's abrupt rescission of Plaintiff's accepted employment offer, repatriation actions, and subsequent termination were not based on performance or economic need, but rather reflected a pattern of favoring younger employees in hiring, retention, and leadership decisions.

48. Younger, less experienced employees were not removed from their roles, were provided transition assistance, and were considered for permanent positions that Plaintiff was excluded from after decades of loyal service.

49. Defendant's conduct was discriminatory and in violation of Plaintiff's rights under ELCRA.

50. As a direct result of Defendant's actions, Plaintiff suffered economic losses including lost income, retirement benefits, and healthcare coverage, in addition to non-economic harm including stress, reputational damage, and instability for her family.

51. Plaintiff seeks all remedies permitted under MCL 37.2801, including back pay, front pay, exemplary damages, injunctive relief, and reasonable attorney's fees and costs.

## COUNT VI – RETALIATION – NATIONAL ORIGIN
**(Elliott-Larsen Civil Rights Act, MCL 37.2701)**

52. Plaintiff incorporates by reference all preceding paragraphs.

53. Under MCL 37.2701, it is unlawful for an employer to retaliate against an individual because the person has opposed a violation of the Act or filed a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the Act.

54. Plaintiff engaged in protected activity when she raised concerns about being removed from her U.S.-based position in favor of a U.S. national, which she reasonably believed to be based on her national origin.

55. Rather than investigate her concern or engage in a good-faith interactive process, Defendant escalated its conduct by confirming the rescission of her accepted offer, initiating her repatriation, terminating her assignment, and proceeding with the termination of her long-standing employment altogether.

56. These adverse actions followed closely on the heels of Plaintiff's protected activity and were causally connected to her opposition to national origin discrimination.

57. Defendant's retaliatory conduct was intentional, malicious, and in violation of Plaintiff's rights under ELCRA.

58. As a result, Plaintiff has suffered and continues to suffer damages including lost wages, lost benefits, emotional distress, reputational harm, and disruption of her immigration and family stability.

59. Plaintiff seeks compensatory damages, exemplary damages, injunctive relief, reinstatement or continued visa sponsorship, and attorney's fees and costs under MCL 37.2801.

## COUNT VII – RETALIATION – RACE
### (Elliott-Larsen Civil Rights Act, MCL 37.2701)

60. Plaintiff incorporates by reference all preceding paragraphs.

61. MCL 37.2701 prohibits employers from retaliating against an individual because they have opposed or reported discriminatory practices based on race.

62. Plaintiff, who is of Asian descent, raised concerns internally regarding discriminatory treatment she was experiencing, including being removed from her executive role in favor of a U.S.-born replacement and being subjected to disparate expectations and scrutiny compared to similarly situated white employees.

63. Plaintiff's reports and objections constituted protected activity under ELCRA.

64. Rather than addressing Plaintiff's concerns through appropriate remedial or investigative steps, Defendant retaliated by removing her from her role, initiating repatriation procedures, interfering with her immigration status, and ultimately terminating her employment.

65. The retaliatory actions were closely linked in time to her protected activity and were not based on any legitimate, non-retaliatory business justification.

66. Defendant's actions were intentional and taken in violation of Plaintiff's rights under ELCRA.

67. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered economic losses including lost wages, bonuses, retirement contributions, and non-economic losses such as emotional distress, reputational harm, and damage to her future career trajectory.

68. Plaintiff seeks all available remedies, including compensatory and exemplary damages, reinstatement or visa-related relief, and attorney's fees and costs under MCL 37.2801.

## COUNT VIII – RETALIATION – SEX
### (Elliott-Larsen Civil Rights Act, MCL 37.2701)

69. Plaintiff incorporates by reference all preceding paragraphs.

70. The Elliott-Larsen Civil Rights Act prohibits employers from retaliating against an employee for opposing discrimination based on sex or participating in protected activity under the Act. MCL 37.2701.

71. Plaintiff, as a woman in a male-dominated corporate environment, raised concerns and opposed the company's decision to remove her from a high-level role while retaining less-qualified male colleagues in comparable or better roles.

72. Plaintiff's objection to this treatment constituted protected activity under ELCRA.

73. In direct response, Defendant engaged in a pattern of retaliatory conduct, including rescinding Plaintiff's U.S.-based offer of employment, terminating her international assignment, refusing to honor relocation protections, threatening her immigration status, and ultimately terminating her employment.

74. This pattern of retaliation occurred in close proximity to Plaintiff's objections and would dissuade a reasonable person from opposing unlawful practices.

75. Defendant's conduct was intentional, malicious, and done with a conscious disregard for Plaintiff's protected rights under Michigan law.

76. As a result of Defendant's retaliation, Plaintiff suffered significant harm including lost income, career disruption, emotional distress, and reputational damage.

77. Plaintiff seeks all available relief under MCL 37.2801, including compensatory and exemplary damages, reinstatement or visa-related equitable remedies, and reasonable attorney's fees and costs.

## COUNT IX – RETALIATION – AGE
**(Elliott-Larsen Civil Rights Act, MCL 37.2701)**

78. Plaintiff incorporates by reference all preceding paragraphs.

79. ELCRA prohibits employers from retaliating against individuals who oppose age-based discrimination or participate in activity protected under the statute.

80. Plaintiff, who was over 40 years old at all relevant times, internally objected to being treated less favorably than younger employees, including being denied the opportunity to remain in the U.S.-based role that she had been offered and accepted, while younger and less experienced employees were retained and promoted.

81. Plaintiff's objections and concerns regarding age discrimination constituted protected activity under ELCRA.

82. In response to Plaintiff's protected activity, Defendant escalated adverse actions against her: revoking her accepted offer, terminating her visa-supported assignment, interfering with her benefits, and ultimately ending her employment with no legitimate explanation or cause.

83. The retaliatory conduct followed closely in time to Plaintiff's protected activity and lacked any legitimate non-retaliatory basis.

84. Defendant's actions violated Michigan law and were taken with actual malice and disregard for Plaintiff's civil rights.

85. Plaintiff experienced severe financial and emotional consequences, including the loss of her livelihood, retirement benefits, and the stability of her family's residency in the United States.

86. Plaintiff requests all remedies available under Michigan law, including back pay, front pay, compensatory and exemplary damages, injunctive relief, reinstatement of benefits and immigration support, and reasonable attorney's fees and costs.

## **COUNT X – BREACH OF CONTRACT**

87. Plaintiff incorporates by reference all preceding paragraphs.

88. In August 2024, Plaintiff accepted a formal written offer from Defendant for U.S.-based employment, which outlined the position, salary, termination of expatriate benefits, and relocation expectations.

89. Defendant also sponsored and maintained Plaintiff's L1-A visa, with a stated employment term through November 30, 2026, which formed part of the contract governing Plaintiff's U.S. assignment.

90. Plaintiff accepted the terms and relied to her detriment by giving up expatriate compensation, permanently relocating to Michigan with her child, and foregoing other opportunities.

91. On December 5, 2024, Defendant abruptly revoked the accepted offer without cause, and shortly thereafter initiated the termination of Plaintiff's employment altogether.

92. Defendant's actions constitute a material breach of the parties' agreement.

93. As a result of Defendant's breach, Plaintiff has suffered substantial economic losses, including lost salary and benefits, stock compensation, severance, and relocation support, as well as consequential damages.

## COUNT XI – WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

94. Plaintiff incorporates by reference all preceding paragraphs.

95. Michigan law prohibits the termination of an employee for reasons that contravene clear public policy, including efforts to assert legal rights, oppose discrimination, and avoid coercion into unlawful agreements.

96. Plaintiff was terminated after being threatened with the loss of pension benefits and legal immigration status unless she accepted her termination. These threats and actions violate established public policies of the State of Michigan.

97. Plaintiff also opposed discriminatory practices, and her termination followed closely on the heels of her raising concerns regarding being replaced with a U.S. national.

98. Defendant's decision to force Plaintiff out under these conditions undermines the public interest in protecting employees from coercive or retaliatory termination.

99. Plaintiff has suffered economic harm, emotional distress, and reputational damage as a result of this wrongful discharge.

100. Plaintiff seeks all remedies available for public policy violations, including compensatory damages, punitive damages, and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

A. Compensatory damages for lost wages, lost benefits, relocation costs, and pension loss;

B. Back pay and front pay for the remainder of Plaintiff's expected term of employment;

C. Emotional distress and reputational harm damages;

D. Punitive and exemplary damages where allowed by law;

E. Liquidated damages;

F. An order of equitable relief, including reinstatement or visa-related remedy;

G. Pre-judgment and post-judgment interest;

H. Reasonable attorney's fees and costs; and

I. Any other relief the Court deems just and proper.

    Respectfully submitted,

    Carla D. Aikens, PLC

    By: /s/ Carla D. Aikens (P69530)
    615 Griswold St., Suite 709
    Detroit, MI 48226
    (844) 835-2993
    carla@aikenslawfirm.com
    Attorney for Plaintiff Christina Miao Yu
    Dated: May 19, 2025